IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ASHLEY DROKE HESTER                                              PLAINTIFF

VS.                                              CAUSE NO.: 1:06CV340-SA-JAD

JME, INC., owners/operators of
MCALISTER'S DELI OF TUPELO                                       DEFENDANT

## ORDER GRANTING MOTION TO DISMISS

This cause comes on for consideration on Defendant, JME, Inc.'s Motion to Dismiss [15]. The Court finds as follows:

Plaintiff, Ashley Droke Hester, brings this claim alleging she was terminated because of her sex and the fact that she was pregnant in violation of Title VII of the Civil Rights Act of 1964. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 9, 2005. Defendant files this motion asserting that Plaintiff has failed to file certain "claims" within the 180-day requirement established by 42 U.S.C. Sec. 2000e-5(e)(1).

Specifically, the Defendant states that Plaintiff brings the following "claims:"

1) "[W]rongful forced resignation" on July 27, 2004. 2) "[T]erminating Plaintiff's insurance following her forced resignation" 3) "[R]etaliating against Plaintiff by harassing her during a hospital stay following affliction with kidney stones during the period of November 14 through 16, 2004 and requiring that she return to work before she was adequately healed to do so" 4) "[F]orcing Plaintiff to go on maternity leave prematurely and against her will"

The Court agrees with the Defendant that the Plaintiff cannot bring "claims" or violations of Title VII of the Civil Rights Act of 1964 that occurred before March 13, 2005, which is 180-days before the filing of the EEOC charge on September 9, 2005. Thus, incidents one through three above, brought as "claims," are untimely. However, all

of the incidents listed *may* be admissible for other purposes in proving wrongful termination, but the Court has not been asked to rule on the admissibility for other purposes.

Defendant's objection to item four above, "forcing Plaintiff to go on maternity leave prematurely and against her will" is denied until Plaintiff shows cause as to why this Court has jurisdiction over that incident. The Plaintiff's EEOC charge states that the date of this incident was around the "middle of February 2005." Plaintiff responds to this motion stating that she is not certain of the precise date of the incident. Thus, the Plaintiff is ordered to show cause as to why this Court has jurisdiction over that incident.

In sum, the Plaintiff cannot bring forth incidents one through three as "claims." However, the Plaintiff has ten (10) days to show cause as to why this Court has jurisdiction over that incident, i.e. when she was "forced to take the maternity leave." <u>See</u> *Order to Show Cause* issued on this day. Thus, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

So **ORDERED**, this the 25th day of August, 2008.

<u>**/s/ Sharion Aycock**</u>
**U.S. DISTRICT COURT JUDGE**